# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANNY LEE CALDWELL, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-10695** |
| **SUE HOLIDAY, WARDEN** | **SECTION "N"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

**PROCEDURAL HISTORY**[1]

On September 11, 2001, petitioner, Danny Caldwell, a prisoner presently incarcerated in the Jackson Parish Correctional Center, Jonesboro, Louisiana, was arrested under the name of Dale Lee Caldwell on the charge of armed robbery in violation of La. R.S. 14:64. Petitioner's wife, Tracy Caldwell, hired attorney DeVan Pardue to represent petitioner. At petitioner's January 17, 2002 arraignment in the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana, DeVan Pardue appeared with petitioner and enrolled as his counsel. DeVan Pardue, however, did not appear at petitioner's pre-trial conference. Instead, on May 12, 2003, DeVan Pardue's father, Hobart Pardue, an attorney, enrolled as petitioner's counsel. Hobard Pardue, rather than DeVan Pardue, represented petitioner at trial.

Prior to the commencement of trial, Hobard Pardue negotiated a plea deal whereby the charge against petitioner would be reduced and petitioner would be sentenced

---

[1] As a result of petitioner's guilty plea, no full trial was held in this matter and no direct appeal was lodged. As such, there is no case law setting forth petitioner's procedural history. Accordingly, the procedural history facts set forth herein are based upon the court's review of the State court record, along with the unrefuted sworn testimony provided in connection with a May 11, 2005 hearing conducted before the state trial court in connection with petitioner's post-conviction ineffective assistance of counsel claim. (A copy of the May 11, 2005 hearing transcript is attached to petitioner's habeas corpus application as exhibit G).

to a prison term of three to five years.[2] Petitioner, however, rejected the plea deal and the matter proceeded to trial.

On July 15, 2003, after the jury was chosen, defense counsel, Hobard Pardue, outside the presence of the jury, filed a motion to quash on the ground that the armed robbery charge had been lodged against Dale Lee Caldwell, but the person present at trial was Danny Caldwell, not his brother, Dale Lee Caldwell. It was defense counsel's belief that, as a result of the fact that the wrong person had been charged with armed robbery, the motion to quash would be granted. Instead, however, the trial court denied the motion to quash and the assistant district attorney amended the bill of information to reflect that Danny Caldwell was charged with armed robbery. Shortly thereafter, it was discovered that Danny Caldwell had at least one prior felony conviction in the State of Virginia. Accordingly, if convicted, petitioner was facing sentencing as a multiple offender.

On July 16, 2003, trial commenced and witness testimony was taken. However, before a verdict was rendered, a plea agreement was reached pursuant to which petitioner would plead guilty to the lesser charge of first degree robbery and be sentenced to a ten-year term of incarceration. Thereafter, however, a motion to withdraw the guilty plea was filed on petitioner's behalf. On July 30, 2003, a hearing was held, following which, the trial judge denied petitioner's motion to withdraw his guilty plea and sentenced him to ten

---

[2] While Hobart Pardue testified that a five-year imprisonment term was offered, petitioner recalled that the State offered a three-year prison sentence.

years imprisonment without benefit of parole, probation, or suspension of sentence, but with credit for time served.[3] Petitioner, at that point, had thirty days within which to file a motion for an appeal in connection with his conviction and sentence. *See* La. Code Crim. P. art. 914. Petitioner, however, did not seek to appeal his first degree robbery conviction and ten-year sentence. As such, petitioner's conviction and sentence were rendered final on August 29, 2003, after the thirty days available to lodge an appeal expired.

On October 5, 2004, petitioner filed with the state district court an application for post-conviction relief, raising several claims, including that he received ineffective assistance of counsel.[4] While the district court denied his post conviction application, the Louisiana First Circuit Court of Appeal, on January 10, 2005, granted petitioner's writ application in part and denied it in part. Specifically, the state appellate court vacated the district court's ruling with respect to petitioner's ineffective assistance of counsel claim and remanded the matter for an evidentiary hearing on petitioner's claim that he received ineffective assistance of counsel. In all other respects, the court denied petitioner's writ

---

[3] A copy of the transcript of the July 30, 2003 hearing is contained in the State rec., vol. 4 of 4.

[4] A review of petitioner's pro se post-conviction application, a copy of which is contained in the State rec., vol. 4 of 4, reflects that petitioner signed his application on October 5, 2004. As provided under *Causey v. Cain*, 450 F.3d 601, 604-607 (5th Cir. 2006), the date a petitioner signs his state court pleading is considered to be the filing date of said pleading for purposes of determining the timeliness of his federal habeas application.

4

application. *See State of Louisiana ex rel. Caldwell v. State*, No. 2004 KW 2309 (La. App. 4 Cir. Jan. 10, 2005) (unpublished opinion).[5]

In connection with the Louisiana First Circuit Court of Appeal's remand, the state district court, on May 11, 2005, conducted an evidentiary hearing with regard to petitioner's claim that he received ineffective assistance of counsel.[6] Following said hearing, the state district court denied petitioner's claim that he received ineffective assistance of counsel.[7] Thereafter, counsel filed, on petitioner's behalf, a writ application to the Louisiana First Circuit Court of Appeal seeking relief in connection with the district court's May 11, 2005 adverse decision. On January 9, 2006, the Louisiana First Circuit denied petitioner's writ application. *State v. Caldwell*, No. 2005 KW 2374 (La. App. 4 Cir. Jan. 9, 2006) (unpublished opinion).[8] On September 22, 2006, the Louisiana Supreme Court likewise denied petitioner relief, *State v. Caldwell*, 937 So.2d 375 (La. 2006), and on November 3, 2006, denied petitioner's motion for reconsideration. *State v. Caldwell*, 940 So.2d 650 (La.

---

[5]A copy of the Louisiana First Circuit's unpublished opinion is contained in the State rec., vol. 4 of 4.

[6]Pursuant to a motion to enroll, granted by the state district court on January 31, 2005, counsel Laurie A. White and Lauren E. Williams represented petitioner at the May 11, 2005 evidentiary hearing.

[7]A copy of the May 11, 2005 evidentiary hearing is attached to petitioner's federal habeas application as exhibit G.

[8]A copy of the Louisiana First Circuit's unpublished opinion is contained in the State rec., vol. 4 of 4.

5

2006). Six days later, on November 9, 2006, petitioner filed the instant *pro se* federal habeas corpus petition, claiming that he received ineffective assistance of counsel and that his guilty plea was not voluntary. While the State, in its response, does not contest the timeliness of the instant action, the issue of whether or not a habeas petition is time barred is one that may be raised by the court *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[9] *See* 28 U.S.C. § 2244(d)(1) (West 2009), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, because petitioner's time for seeking review expired August 29, 2003, his one-year limitation period commenced running on that date, giving him until August 29, 2004, to timely seek habeas corpus relief.

As noted above, petitioner filed the instant action on November 9, 2006. Thus, petitioner's federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State

---

[9]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

6

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner sought post-conviction relief with the state district court on October 5, 2004. By that date, however, it was too late. Petitioner's one-year statute of limitations expired over a month earlier, on August 29, 2004. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998)) ("any lapse of time before a state application is properly filed will be counted against the one-year limitation period"). Accordingly, the instant matter is time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999)). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Petitioner offers no basis for equitably tolling prescription nor has this Court's review of the record uncovered any such basis. Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that petitioner's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 24th day of     August    , 2009.

LOUIS MOORE, JR.
United States Magistrate Judge